## COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed April 25, 1890.

LUCY T. MACKENZIE
VS.
THE CHESAPEAKE AND POTOMAC TELEPHONE CO.

*Findlay & Mackenzie* for the plaintiff.

*Hon. Chas. J. M. Gwinn* for the defendant.

DUFFY, J.—

About a year ago the company during one night placed upon the footway in front of plaintiff's warehouse, on South Charles street, an immense pole, two feet in dimeter. Upon this pole a large number of wires have been strung. Mrs. Mackenzie, through her attorneys, Findlay & Mackenzie, notified the company to remove the pole, which notice was not complied with. She then brought an action for $2,000 damages. To this action the company pleaded that under the act of Assembly under which it was incorporated it had a right to maintain the pole upon the footway in front of the warehouse of the plaintiff, without making or offering to make compensation; and secondly, that the mayor and city council by an ordinance of 9th of May, 1889, passed since the institution of the suit, had authorized it to maintain its poles upon the footways of the streets for the period of two years, and so long as the poles are necessary for the purpose of making distribution and forming connections between any wires forming part of the underground system.

To these pleas the plaintiff demurred and Judge Duffy, in deciding the case, held that the pleas were no answer to the plaintiff's demand for damages. That while the corporation had a right under the Act of Assembly to plant its poles upon the pavement, it had no right to interfere injuriously or damage the property of citizens, unless it paid for the damages. That the Act of Assembly did not give it this right nor could the ordinance of the Mayor and City Council be of higher authority than the Act of Assembly, and if a citizen's property is injured or inter-

fered with he has a right of action against the company, and while the injury may be unavoidable, yet the company, by the very term of the Act of Assembly, must pay for that injury.

The company also contended that unless Mrs. Mackenzie owned the bed of the street in front of her warehouse, she could not recover, but Judge Duffy held that whether or not she owned the bed of the street, made no difference, except that her ownership of the street bed made her claim for damages all the larger.